# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| PATTISON SAND COMPANY, LLC, | |
| Plaintiff, | No. C09-1006 |
| vs. | ORDER ESTABLISHING DEADLINE TO RESPOND |
| OUTOTEC (USA) INC. f/k/a OUTOKUMPU TECHNOLOGY, INC., | |
| Defendant. | |

---

This matter comes before the Court on the Motion for Clarification of Deadline or Request for Extension of Time (docket number 6) filed by Defendant Outotec (USA) Inc. on February 23, 2009 and the Resistance (docket number 7) filed by Plaintiff Pattison Sand Company, LLC on the same date. Pursuant to Local Rule 7.c, the motion is deemed submitted without oral argument.

## RELEVANT FACTS

On February 4, 2009, Pattison Sand Company, LLC ("Pattison") filed an Application for Confirmation of Arbitration Award (docket number 2). According to the application, in November 2008 Pattison and Defendant Outotec (USA) Inc. ("Outotec") arbitrated a dispute with the American Arbitration Association. On February 2, 2009, the arbitrators issued a final award for Pattison in the amount of $10,034,663. In its application, Pattison requests that the Court "confirm the Arbitration Award" and enter judgment against Outotec.

Outotec was served with a copy of the application and a summons on February 9, 2009. The summons advised Outotec that it was required to respond to the application

within 14 days after service of the summons, or a judgment by default could be taken against it. Accordingly, pursuant to the face of the summons, a response is due on February 23, 2009.

The docket text accompanying the filing of the return of service states, however, that the "answer [is] due 3/2/2009." *See* docket number 5. That date was apparently determined by reference to FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A)(i), which provides generally that a defendant must serve an answer within 20 days after being served with the summons. Here, the 20th day fell on a Sunday and, therefore, the deadline was extended to the following day. *See* FED. R. CIV. P. 6(a)(3).

### DISCUSSION

On February 23, the deadline for responding pursuant to the face of the summons, Outotec filed the instant motion, asking that the Court "declare the deadline for its response to Pattison's Application for Confirmation is due March 2, 2009." Pattison resists, arguing that the summons properly established a 14-day deadline for responding.

Generally, a defendant must serve an answer within 20 days after being served with the summons.

> *Unless another time is specified by this rule or a federal statute*, the time for serving a responsive pleading is as follows:
>
> (A)   A defendant must serve an answer:
>
>    (i)   within 20 days after being served with the summons and complaint.

FED. R. CIV. P. 12(a)(1)(A)(i). (emphasis added) As the highlighted portion of the Rule indicates, however, the general rule does not apply if "another time is specified by this rule or a federal statute." Pattison argues that "another time is specified" by 9 U.S.C. § 6 and Local Rule 7.e.

Pattison's application for confirmation of arbitration award is filed pursuant to 9 U.S.C. § 6, which states:

> Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.

Title 9 U.S.C. § 6. Thus, the federal statute provides that the application shall be heard in the manner of a motion.

Local Rule 7.a.2 states:

> The term "motion," as used in the Local Rules, includes the following:
>
> . . .
>
> All other applications or requests for court action.

Local Rule 7.a.2. Therefore, it would appear that Plaintiff's application for confirmation of arbitration award is a "motion" for purposes of the local rules.

Local Rule 7.e provides, in part, as follows:

> Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies.

Local Rule 7.e. Therefore, the Court concludes that the summons properly established a 14-day deadline for Outotec to respond.[1]

In its motion, however, Outotec alternatively requests that the Court grant a one-week extension of the deadline. Outotec's request is governed by FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(A), which states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

---

[1] The parties have not provided the Court with any authority in this regard, and the Court has found none.

> (A) with or without a motion or notice if the court acts, or if
> a request is made, before the original time or its extension
> expires.

FED. R. CIV. P. 6(b)(1)(A). Accordingly, the Court must determine whether there is "good cause" for an extension.

The motion is imprecise regarding the "good cause" upon which Outotec relies. Apparently, Outotec argues that it was confused by the discrepancy between the information provided on the face of the summons and the deadline referred to in the docket text. Outotec requests that the deadline be extended for one week, to March 2, 2009, as set forth in the text entry. Pattison resists any extension, stating that it is "very eager" to begin collection processes against Outotec.

Having considered all of the facts and circumstances, including the erroneous text entry at docket number 5, the Court concludes that good cause exists for an extension of the time to answer. Accordingly, Outotec's request for an extension will be granted.

### ORDER

IT IS THEREFORE ORDERED that the Request for Extension of Time (docket number 7) filed by Outotec on February 23, 2009 is hereby **GRANTED**. Outotec shall file a response to the Application for Confirmation of Arbitration Award not later than March 2, 2009.

DATED this 24th day of February, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA